## Spenetto v. Spenetto

Before Gibson, P. J., Carson and Cummins, JJ.

*David H. Weiner*, for plaintiff.

GIBSON, P. J., July 23, 1951.—Plaintiff brought her action to secure a divorce on the ground of desertion. From all that appears in the testimony and master's report, she is clearly entitled to a decree if service has been had on defendant.

The master reports, and an examination of the file papers bears out his statement, that the complaint was filed on January 4, 1951, with a notice to plead within 20 days from the service; that the sheriff, on January 9, 1951, returned the complaint certifying that after diligent search defendant could not be found; thereafter, service by publication was ordered.

Procedural rule 1124 regulates the service in these proceedings. After providing for personal service or service by registered mail within or beyond the Commonwealth, the rules provide that if service cannot be made under any of these subdivisions and the sheriff has made a return of "Not found," plaintiff

may direct service by publication. The question arises, when may the sheriff make this return of "Not found" and thereby make it effective so that an order of publication may be granted?

Procedural rule 1013 provides that the sheriff shall make a return of service forthwith: (1) Upon making service, or (2) if service has not been made and the writ has not been reissued or complaint reinstated, then upon the expiration of the period allowed for service.

Procedural rule 1009 provides that the writ or complaint shall be served by the sheriff within 30 days after issuance or filing.

All of the authorities we have reviewed hold that a return of "Not found" cannot be made until the period for service, namely, 30 days, has expired: Goodrich-Amram Civil Practice, Note 1124(b); 3 Anderson Civil Practice Under Rule 1124, page 407.

There is no authority for service by publication except after a return of the sheriff that he has made diligent search, until the expiration of the period for service, namely, 30 days, and that defendant was "Not found". Service by publication requires strict compliance with the rules of procedure, for in fact defendant may have no notice whatever. For this reason, the master should have found that there had been no service on defendant.

While it is not fatal to the case, we should also call attention to the fact that while the sheriff made his return to the order of publication that he had executed it by publishing in the Washington County Reports and in the Daily Republican his notice on February 15, 22, and March 1, 1951, he attached an affidavit of one of the publishers which does not support his return. The affidavit on behalf of the Daily Republican sets forth that the notice, a copy of which is attached, was published in the Daily Republican on February 15,

22, and March 1, 1951. This affidavit was made on February 17, 1951, which is two days after the date of the first publication, and is no proof whatever that the second and third publications were made. This is an irregularity which the sheriff should not permit. It may be said that his return cannot be contradicted. However, when he attaches affidavits purporting to support it and they do contradict his return, that matter should not be overlooked.

And now, July 23, 1951, for the sole reason that there has been no service on defendant, plaintiff's case is dismissed at the cost of plaintiff.